**No. 24-4786**

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

RESEARCH CORPORATION TECHNOLOGIES INC.,
a Delaware nonstock corporation,

*Plaintiff-Appellee*,

v.

ELI LILLY AND COMPANY,
an Indiana corporation,

*Defendant-Appellant*.

On Appeal from the United States District Court for the District of Arizona,
No. 4:16-cv-00191

## DEFENDANT-APPELLANT'S MOTION TO FILE ITS OPENING BRIEF AND VOLUMES IV-VI OF EXCERPTS OF RECORD UNDER SEAL

JAMES F. HURST
RYAN MOORMAN
KIRKLAND AND ELLIS, LLP
300 N. LaSalle Street
Chicago, IL 60654

JEFFREY WILLIS
SNELL & WILMER, LLP
1 S. Church Avenue, Suite 1500
Tucson, AZ 85701

PAUL D. CLEMENT
MATTHEW D. ROWEN
JAMES Y. XI*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Supervised by principals of the firm who are members of the Virginia bar*

*Counsel for Defendant-Appellant*

November 25, 2024

In accordance with Ninth Circuit Rule 27-13(e), Defendant-Appellant Eli Lilly and Company ("Lilly") respectfully moves this Court for leave to file its opening brief and Volumes IV-VI of its Excerpts of Record under seal. Plaintiff-Appellee Research Corporation Technology ("RCT") does not oppose this motion.

The opening brief and the selected portions of the Excerpts of Record contain highly sensitive and proprietary commercial information, including information concerning Lilly's patented manufacturing processes and technology as well as related information that is not available to the public. The opening brief and the selected portions of the Excerpts of Record contain confidential communications between the parties that are not available to the public. Finally, the opening brief and the selected portions of the Excerpts of Record also contain communications between Lilly and Phillips Petroleum Co. (who is not a party to this suit) discussing confidential business dealings that are not available to the public. The disclosure of any of this information would cause harm to Lilly, RCT, and/or Phillips Petroleum Co., as it would put highly sensitive and proprietary information into the public view.

Before the district court, the parties met and conferred regarding various documents and information to narrow the number of filings lodged under seal. *See* Dkt.231 at 2; Dkt.259 at 2. The parties agreed that any documents for which they could not reach agreement would be lodged under seal and addressed through procedures outlined in the local rules. Dkt.231 at 2; Dkt.259 at 2-3. The district

court approved all of Lilly's motions to seal.  Dkts.235, 263; *see also* Dkt.246 (granting Lilly's motion at Dkt.242 to seal or redact various RCT filings).

Lilly reiterates and rests upon its arguments to the district court.  The justification for Lilly's desire to file portions of its Excerpts of Record under seal fall into five main categories.

First, expert reports in the Excerpts of Record involve Lilly's confidential research, manufacturing processes, and trade secrets.  *See* 6-ER-1105-08 (Dkt.229-11), 5-ER-666-704 (Dkt.233-1), 5-ER-705-928 (Dkt.233-2), 4-ER-380-408 (Dkt.261-31) (all filed under seal below).  For example, one of the reports describes Lilly's development of a cell line that creates the enzyme around which this case revolves.  Another describes in detail Lilly's diabetes medications' manufacturing processes, including confidential aspects of those processes.  Yet another contains confidential and proprietary information about Lilly's operations and strategy.  And many discuss and quote from other confidential documents, often at length.

The second group are confidential communications with RCT that discuss sensitive, non-public financial information, including invoices, sales, and payment prices with manufacturers.  *See* 6-ER-929-38 (Dkt.233-7) (filed under seal below).  Among these are documents that were sealed before the district court even though they do not contain Lilly's confidential materials but because they contained

2

information that RCT designated as confidential. *See* 4-ER-939-941 (Dkt.233-8) (filed under seal below).

Third are Lilly's confidential communications and draft agreements with Phillips Petroleum Co. *See* 6-ER-1059-1104 (Dkt.229-5) (Exhibits 13, 15, 17, 18) (filed under seal below). Fourth, one of the documents contains highly confidential and sensitive commercial information regarding Lilly's business strategy for its medications. *See* 6-ER-1109-1111 (Dkt.229-13) (filed under seal below). The final category of documents are filings that discuss and quote these underlying confidential documents.

Lilly moves to file its opening brief under seal for the same reasons as articulated for the Excerpts of Record, as Lilly's opening brief cites and quotes from a number of these highly sensitive documents that were filed under seal below.

As stated above, the disclosure of any of the information contained in the selected portions of Lilly's Excerpts of Record or its opening brief would cause irreparable harm to both parties to this appeal and a non-party as well. The harm would be in relation to both scientific and commercially sensitive information that none of the entities can afford to have released to the public. And because substantial portions of all the subject documents are confidential, sealing each document in its entirety is the least restrictive scope to properly protect everyone's interests.

3

For the foregoing reasons, Lilly respectfully requests that it be permitted to file its opening brief and Volumes IV-VI of its Excerpts of Record under seal. If the Court has any concerns about sealing the confidential material addressed in this motion, Lilly respectfully requests the opportunity to provide any supplemental information that the Court requires.

## CONCLUSION

For the reasons set forth above, this Court should grant Lilly's motion to file under seal Lilly's opening brief and Volumes IV-VI of the Excerpts of Record.

Respectfully submitted,

/s/ Paul D. Clement

| | |
|---|---|
| JAMES F. HURST | PAUL D. CLEMENT |
| RYAN MOORMAN | MATTHEW D. ROWEN |
| KIRKLAND AND ELLIS, LLP | JAMES Y. XI* |
| 300 N. LaSalle Street | CLEMENT & MURPHY, PLLC |
| Chicago, IL 60654 | 706 Duke Street |
| | Alexandria, VA 22314 |
| JEFFREY WILLIS | (202) 742-8900 |
| SNELL & WILMER, LLP | paul.clement@clementmurphy.com |
| 1 S. Church Avenue, Suite 1500 | |
| Tucson, AZ 85701 | *Supervised by principals of the firm who are members of the Virginia bar |

*Counsel for Defendant-Appellant*

4

## CERTIFICATE OF COMPLIANCE

1.  This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and Cir. R. 27-1(d) because it contains 740 words, excluding the parts exempted by Fed. R. App. 32(f).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman type.

November 25, 2024

<u>s/Paul D. Clement</u>
Paul D. Clement

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Paul D. Clement
Paul D. Clement